

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,128-01

### EX PARTE STEVEN THOMAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 0739545-A
### IN THE 180TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and was sentenced to life imprisonment.

Applicant contends that *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), which concerned a juvenile transfer order, shows that the transfer of his case from juvenile to district court was improper. The trial court recommends denying relief on the claim, finding that it is a "record claim" that could have been raised on appeal.

We order that this application be filed and set for submission. The parties shall brief whether

this Court's opinion in *Moon* provides a ground for relief that is cognizable on post-conviction habeas corpus, and whether *Moon* should apply retroactively.

It appears that Applicant is represented by counsel. If that is not correct, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental transcript containing: a confirmation that Applicant is represented by counsel; the order appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or before 90 days from the date of this order.

Filed: January 30, 2019
Do not publish